## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DIJON HARDNETT,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) **CIVIL ACTION FILE NO.:** |
| **VS.** | ) |
| | ) _____ |
| **THE UNITED STATES OF AMERICA** | ) |
| **AND AMANDA HAWKINS,** | ) |
| | ) |
| **DEFENDANT.** | ) |

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff, **DIJON HARDNETT**, by and through the undersigned counsel, and hereby files this Complaint for Damages against Defendants, **THE UNITED STATES OF AMERICA and AMANDA HAWKINS,** showing this Honorable Court as follows:

## PRELIMINARY STATEMENT

Plaintiff, DIJON HARDNETT, (hereinafter referred to as "Plaintiff Hardnett"), in the above-styled case, brings this action against Defendants, UNITED STATES OF AMERICA, (hereinafter referred to as "Defendant USA"), and AMANDA HAWKINS, (hereinafter referred to as "Defendant Hawkins"), pursuant to 28 § U.S.C. 2647 to redress the violation of Plaintiff's statutory rights in that Defendant USA by and through its employee, negligently operated a motor vehicle,

which caused Plaintiff to suffer injuries, and which negligence did directly and proximately cause severe bodily injury to Plaintiff.

Plaintiff seeks monetary damages to redress and remedy the violation of his statutory rights. For this Complaint, Plaintiff respectfully shows the Court the following:

## **PARTIES**

1.

Plaintiff Dijon Hardnett is a resident of the State of Georgia and resides at 1812 The Valley, Atlanta, Fulton County, Georgia 30328.

2.

Defendant the United States of America is a sovereign government.

3.

The United States Postal Service is a mail delivery service which is owned and operated by the United States of America.

4.

Defendant United States of America may be served with this Complaint and summons through the Attorney General for the Northern District of Georgia, The Honorable Byung J. Pak, at the Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Suite 600, Atlanta, GA 30303-3309, by registered or certified mail

pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

5.

Defendant United States of America may also be served with this Complaint and summons through the Attorney General of the United States, at the Department of Justice, Room 5111, 10th & Constitution Avenue, NW, Washington, D.C. 20530, by registered or certified mail pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

6.

Defendant Amanda Hawkins, ("Defendant Hawkins"), is a citizen and resident of the State of Georgia, and resides at 257 Fox Run, Loganville, Gwinnett County, Georgia 30052.

## JURISDICTION AND VENUE

7.

Plaintiff realleges paragraphs 1 through 6, above as if set forth fully herein.

8.

This action is brought pursuant to the Federal Tort Claims Act, 28 § U.S.C. 2671, to redress the deprivation of rights secured by Federal Statute.

9.

Acts or omissions by the Defendant United States of America are subject to

the laws of the State of Georgia, pursuant to 28 U.S.C. § 1346(b).

10.

Plaintiff provided notice of his claim to Defendant via a Standard Form 95, he

submitted to the United States Postal Service on April 14, 2021, in compliance with

28 U.S.C. § 2401 and 28 U.S.C. § 2675. (See Exhibit A).

11.

To date, the United States Postal Service has neither accepted nor denied

Plaintiff's notice of claim, and more than six (6) months have passed since Plaintiff

provided the United States Postal Service notice of this claim.

12.

The occurrence from which this action arises took place on or about April 25,

2020, on Old Norcross Road, near its intersection with Veranda Chase Drive, in

Gwinnett County, Georgia.

13.

Jurisdiction and venue are proper before this Court.

## STATEMENT OF THE CASE

14.

On or about April 25, 2020, Plaintiff Dijon Hardnett was operating his 2017

Mercedes C300, which was traveling on Old Norcross Road in Gwinnett County,

Georgia. Defendant United States of America's employee, Defendant Amanda Hawkins, was operating a 1997 Chevrolet Venture, during the course of her employment with the United States Postal Service, and was also traveling on Old Norcross Road, delivering mail at 2627 Old Norcross Road in Gwinnett County, Georgia. Plaintiff Hardnett proceeded to drive straight on Old Norcross Road, when suddenly and without any warning, Defendant's employee made an improper U-Turn in the middle of the roadway on Old Norcross Road in the direct path of Plaintiff Hardnett's vehicle, causing the two vehicles to collide. The actions of Defendant's employee, Ms. Hawkins, were so sudden and unexpected that there was no action that could have been taken by Plaintiff Hardnett to avoid the collision.

15.

Plaintiff Hardnett was injured as a result of this collision caused by Defendant United States of America's negligent operation and maintenance of its vehicle.

**COUNT I**
**NEGLIGENCE as of**
**United States of America**

16.

Plaintiff Dijon Hardnett incorporates the allegations contained in paragraphs 1 through 15 as if set forth fully herein.

17.

Defendant United States of America's employee negligently operated her motor vehicle by negligently driving with complete disregard to other motorists, particularly the Plaintiff, made an improper U-Turn, failed to operate her vehicle in a safe and reasonable manner, and negligently failed to operate her vehicle at a safe distance from other vehicles.

18.

Defendant United States of America's employee negligent, grossly negligent, and reckless conduct directly and proximately caused the collision in question.

19.

Defendant United States of America's employee's negligent, grossly negligent, and reckless conduct directly and proximately caused Plaintiff Hardnett to sustain injuries as a result of the subject collision.

20.

As the direct and proximate result of the negligent acts of Defendant United States of America's employee, Plaintiff Hardnett suffered personal injuries, including but not necessarily limited to traumatic injury, to wit: herniated discs, a neck sprain, a back sprain, left shoulder pain, right shoulder pain and headaches.

21.

Plaintiff Hardnett has incurred medical expenses for the care and treatment of her injuries, as described above, in an amount of at least $16,279.75.

22.

Plaintiff Hardnett has endured and continues to endure mental and physical pain and suffering, anxiety, shock and worry.

## COUNT II
## NEGLIGENCE in the
## alternative to Amanda Hawkins

23.

Plaintiff Dijon Hardnett incorporates the allegations contained in paragraphs 1 through 22 as if set forth fully herein.

24.

Defendant Hawkins negligently operated his motor vehicle by negligently driving with complete disregard to other motorists, particularly the Plaintiff, improper U-Turn, failing to operate her vehicle in a safe and reasonable manner, and negligently failing to operate her vehicle at a safe distance from other vehicles.

25.

Defendant Hawkins's negligent, grossly negligent, and reckless conduct directly and proximately caused the collision in question.

26.

Defendant Hawkins' negligent, grossly negligent, and reckless conduct directly and proximately caused Plaintiff Hardnett to sustain injuries as a result of the subject collision.

27.

As the direct and proximate result of the negligent acts of Defendant Hawkins, Plaintiff Hardnett suffered personal injuries, including but not necessarily limited to traumatic injury, to wit: herniated discs, a neck sprain, a back sprain, left shoulder pain, right shoulder pain and headaches.

28.

Plaintiff Hardnett has incurred medical expenses for the care and treatment of her injuries, as described above, in an amount of at least $16,279.75.

29.

Plaintiff Hardnett has endured and continues to endure mental and physical pain and suffering, anxiety, shock and worry.

## COUNT III
## NEGLIGENCE per se as to
## United States of America

30.

Plaintiff Hardnett incorporates the allegations contained in paragraphs 1

through 29 as if set forth fully herein.

31.

Defendant United States of America's employee was negligent per se in that it violated statutory provisions; including, but not limited to:

a.  O.C.G.A. § 40-6-180, Basic Rules;
b.  O.C.G.A. § 40-6-241, Failure to Exercise Due Care; and
c.  O.C.G.A. § 40-6-121, Improper U-Turn.

32.

Defendant United States of America's employee's negligence per se directly and proximately caused the collision in question.

33.

Defendant United States of America's employee's negligence per se directly and proximately caused Plaintiff Hardnett to sustain injuries in this collision as described above.

34.

As the direct and proximate result of the negligence per se of Defendant United States of America's employee, Plaintiff Hardnett suffered personal injuries, including, but not limited to, traumatic injuries, to wit: herniated discs, a neck sprain, a back sprain, left shoulder pain, right shoulder pain and headaches.

35.

Plaintiff Hardnett has incurred medical expenses for the care and treatment of her injuries, as described, above in an amount of at least $16,279.75.

36.

Plaintiff Hardnett has endured and continues to endure mental and physical pain and suffering, anxiety, shock and worry.

## COUNT IV
## NEGLIGENCE PER SE
### In the alternative as to Amanda Hawkins

37.

Plaintiff Hardnett incorporates the allegations contained in paragraphs 1 through 36 as if set forth fully herein.

38.

Defendant Hawkins was negligent per se in that she violated statutory provisions; including, but not limited to:

c.  O.C.G.A. § 40-6-180, Basic Rules;
d.  O.C.G.A. § 40-6-241, Failure to Exercise Due Care; and
c.  O.C.G.A. § 40-6-121, Improper U-Turn.

39.

Defendant Hawkins' negligence per se directly and proximately caused the collision in question.

40.

Defendant Hawkins negligence per se directly and proximately caused Plaintiff Hardnett to sustain injuries in this collision as described above.

41.

As the direct and proximate result of the negligence per se of Defendant Hawkins, Plaintiff Hardnett suffered personal injuries, including, but not limited to, traumatic injuries, to wit: herniated discs, a neck sprain, a back sprain, left shoulder pain, right shoulder pain and headaches.

42.

Plaintiff Hardnett has incurred medical expenses for the care and treatment of her injuries, as described, above in an amount of at least $16,279.75.

43.

Plaintiff Hardnett has endured and continues to endure mental and physical pain and suffering, anxiety, shock and worry.

## COUNT V
## RESPONDEAT SUPERIOR

44.

Plaintiff Hardnett incorporates the allegations contained in paragraphs 1 through 43 as if set forth fully herein.

45.

The United States Postal Service is an operating branch of the Defendant United States of America and was/is the owner of the 1997 Chevrolet Venture work vehicle, which was being operated by its employee, Defendant Amanda Hawkins, at the time of the subject incident. Further, Defendant Amanda Hawkins was operating said vehicle within the scope of her employment with the United States Postal Service and the United States of America and is, therefore, liable to the Plaintiff Hardnett via respondeat superior.

## COUNT VI
## PROPERTY DAMAGE

46.

Plaintiff Hardnett incorporates the allegations contained in paragraphs 1 through 44 as if set forth fully herein.

47.

As the direct and proximate result of the negligence of Defendants, Plaintiff Hardnett's vehicle involved sustained property damage.

48.

Plaintiff Hardnett has incurred damage to his vehicle, in an amount of at least $10,953.34.

## DAMAGES

49.

Plaintiff incorporates the allegations contained in paragraphs 1 through 48 as if set forth fully herein.

50.

Plaintiff Hardnett is entitled to recover damages for the care and treatment of his injuries including past, present, and future medical expenses; past, present, and future mental and physical pain and suffering; lost wages; past and future economic losses; and such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff Hardnett prays for a judgment against United States of America, or in the alternative, against Amanda Hawkins for general and special damages as described above together with any further relief this Court deems just and proper.

Dated this 18th day of April, 2022.

Respectfully submitted,
**KP LAW GROUP, P.C.**


*/s/ Kristen M. Pitts, Esq.*
Kristen M. Pitts, Esq.
Georgia Bar No. 629006
Attorney for Plaintiff

3344 Peachtree Road, NE, Suite 800
Atlanta, Georgia 30326
O: 404-551-4727
F: 404-551-2816
kpitts@kplawgroup.com

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br>United States Postal Services | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Dijon Hardnett<br>1812 The Valley Road<br>Atlanta, Georgia 30328 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒CIVILIAN | 4. DATE OF BIRTH<br>06/06/1991 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>04/25/2020 and Saturday | 7. TIME (A.M. OR P.M.)<br>1:23 p.m. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On April 25, 2020, Mr. Dijon Hardentt was operating and driving his 2017 Mercedes C300 on and along Old Norcross Road in Gwinnett County, Georgia .  ur Your insured driver, Amanda Hawkins, was operating her 1997 Chevy Venture and was in the course of her employment, when suddenly and unexpectedly, Ms. Hawkins performed an improper U-Turn in the roadway on Old Norcross Road in Gwinnett Count, Georgia in violently struck Mr. Hardnett's vehicle. There was no action that Mr. Hardnett could have taken to avoid this collision.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
Dijon Hardnett, 1812 The Valle Road, Atlanta, Georgia 30328

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

Mr. Hardnett sustained property damage to his vehicle at the back passenger side and tire

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

As result of this incident, Mr. Hardnett sustained injuries to his right shoulder, right side of the neck and his right upper back.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Not Applicable | Not Applicable |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) | |
| $10,953.34 | $16,554.75 | | $27,509.09 | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form<br>678-705-9581 | 14. DATE OF SIGNATURE<br>4/14/2021 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109



NSN 7540-00-634-4046

STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☐ No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

**INSTRUCTIONS**

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C.  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

SF 95     BACK