UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIJON HARDNETT,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA AND AMANDA HAWKINS,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:22-CV-01486-JPB |

## **ORDER**

This matter comes before the Court on the United States of America's Motion to Dismiss Claims Against Defendant Amanda Hawkins [Doc. 11]. This Court finds as follows:

## **BACKGROUND**

Dijon Hardnett ("Plaintiff") filed this action on April 18, 2022, against the United States and Amanda Hawkins, an employee of the United States Postal Service ("USPS"), pursuant to the Federal Tort Claims Act ("FTCA"). [Doc. 1]. Plaintiff alleges that on April 25, 2020, Hawkins, in the course of her employment with USPS, made an improper U-turn and collided with Plaintiff's vehicle. Id. Plaintiff suffered injuries as a result of the accident. Id. The Complaint brings counts of negligence against the United States and Hawkins, negligence per se

against the United States and Hawkins and respondeat superior against the United States. Plaintiff seeks damages for his injuries and for the damage to his vehicle. On June 24, 2022, the United States moved to dismiss Plaintiff's claims against Hawkins. [Doc. 11]. Plaintiff did not respond to the motion, and it is therefore unopposed. See N.D. Ga. Civ. R. 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion.").

## LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). As to the sufficiency of a complaint, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

## ANALYSIS

The FTCA authorizes suits for injury, loss of property or death against the United States if "a private person . . . would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA is thus a limited waiver of the United States' sovereign immunity for tort suits for the negligent or wrongful acts or omissions of government employees acting within the scope of their employment. See id.; see also, e.g., Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994). This statute does not, however, permit tort claims against individual federal employees. See § 2679(b)(1) (precluding "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate"). As such, "[t]he United States is the only proper defendant in an FTCA action." Simpson v. Holder, 184 F. App'x 904, 908 (11th Cir. 2006).

In the Complaint, Plaintiff brings claims against the United States and against Hawkins in her capacity as a federal employee. Under the FTCA, however, Plaintiff may only bring claims against the United States. See, e.g., Caldwell v. Klinker, 646 F. App'x 842, 846 (11th Cir. 2016) ("Because the FTCA was the exclusive remedy for [the plaintiff's] tort claims for money

damages, . . . he could not have proceeded against the federal agencies or employees in their own names."). The Complaint therefore fails to state a claim to relief against Hawkins, and the claims against her are due to be dismissed.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss Claims Against Defendant Amanda Hawkins [Doc. 11] is **GRANTED**. The claims against Hawkins are hereby **DISMISSED**.

**SO ORDERED** this 13th day of October, 2022.

J. P. BOULEE
United States District Judge